MARTIN LAWLOR vs. CHARLES H. MERRITT ET AL.

Third Judicial District, New Haven, January Term, 1906.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A trade-mark or label adopted and registered by a union of working-
men, which does not announce that the goods to which it is at-
tached were manufactured by such union or its members, as re-
quired by General Statutes, § 4907, is not entitled to the protection,
afforded by subsequent provisions, to those labels or trade-marks
which do comply with such requirement.

The label in question was owned and registered by an association of
workmen known as the United Hatters of North America, which
was not a manufacturer of hats, but furnished the label gratui-
tously for use in hats made in whole or in part by some of its mem-
bers under a contract of employment between them individually
and certain manufacturers who employed "union" labor ex-
clusively. *Held* that even if the label could be construed as an-
nouncing that the hats were manufactured by the association, it
certainly could not be construed as announcing that they were
manufactured by members of it for a third party.

The statute (§§ 4907–4912) was designed to create both a new right
and a new cause of action.

One is not entitled either at common law or by the general principles
of equity—at least in the absence of actual fraud—to protection
in the exclusive use of a label for goods, unless it is used to dis-
tinguish some visible commodity owned or traded in by him.

When the objects for which an association of workmen is formed are
stated, the court will take judicial notice whether they are such
as naturally pertain to a "union" of workingmen.

Argued January 16th—decided March 8th, 1906.

ACTION to restrain the defendants from using a certain
label in hats manufactured and sold by them, which was an
alleged counterfeit or imitation of the label of the United
Hatters of North America, in whose behalf the plaintiff sued,
also for an accounting and damages, brought to the Superior
Court in Fairfield County where demurrers to the complaint
were overruled (*Robinson, J.*) and the cause was afterward
tried to the court, *Shumway, J. ;* facts found and judgment

rendered for the plaintiff, and appeal by both parties. *Error on defendants' appeal and cause remanded.*

*Granville Whittlesey* and *Walter G. Merritt*, of New York, for the defendants.

*John K. Beach* and *Howard W. Taylor*, for the plaintiff.

BALDWIN, J. General Statutes, § 4907, provides that whenever any person, association, or union of workingmen has adopted for his or its protection any label, trade-mark, or form of advertisement, announcing that goods to which such label, trade-mark, or form of advertisement shall be attached were manufactured by such person, or by a member or members of such association or union, it shall be unlawful to counterfeit or imitate such label, trade-mark, or form of advertisement. General Statutes § 4909, authorizes the registration of any such label in the office of the Secretary of the State. Sections 4910 and 4911 provide for injunctions against the use of any counterfeit or imitation of such label, trade-mark, or form of advertisement, and for the recovery of just damages, at the suit of the person, association or union which adopted it, and if any such association or union be not incorporated, of any of its officers or members suing for its use.

The plaintiff sues for the use of an unincorporated association of workingmen named the United Hatters of North America, of which he is the secretary. The complaint states that it is an unincorporated association of workingmen, formed to promote the welfare of its members, to assist them in obtaining remunerative wages, and permanent employment, and to maintain a high standard of workmanship in the making and finishing of hats; that in 1896 it adopted for its protection a certain label to be applied to hats made by its members, for the purpose of announcing to the public that hats bearing said label were made by them; that it issues said labels gratuitously to manufacturers who employ its members, under rules which prevent their being placed in hats made by unskilful workmen or in imperfect

hats; that the privilege of using said labels is of great value to hat manufacturers, and enables them to command a wider market and more ready sale for their goods; that the association has filed said label for record with the secretary of this State; and that the defendants, for the purpose of obtaining the advantage of the market for hats bearing said label, and of palming off their hats as hats manufactured under said rules, and of defrauding and deceiving the public, and of injuring the association, have adopted and used, without any authority or right, eight styles of label made in imitation and counterfeit of the Association's label, whereby many customers intending to buy hats bearing the Association's label have been deceived and so induced to buy the defendants' hats. The Association's label, which is described in the complaint and a copy of it attached as Exhibit A, is of the following form:—

In the demurrer which was filed to this complaint, one of the reasons assigned is " because said label or trade-mark referred to in Exhibit A does not announce that goods to which such label or trade-mark is attached, were manufactured by a member or members of the United Hatters of North America."

The plaintiff has no right of action except by virtue of the statute on which he professes to sue. It was therefore necessary to bring his case within the terms of the statute. That statute protects, in favor of such an association as the United Hatters of North America, a label announcing that goods to which it may be attached were manufactured by a member or members of the association. The label in respect

to which protection is sought by this action contains no such announcement.

If it could be construed as announcing in any way who manufactured the hats to which it might be attached, the announcement would be that they were manufactured by the United Hatters of North America. The complaint, however, shows that such was not the intended meaning of the words used, for the recital of the objects for which the association was formed discloses that they do not include the manufacture of hats, and it is alleged that the label was adopted " for the purpose of announcing to the public that hats bearing said label were made by the members of the association," and is issued for the use of certain hat manufacturers who employ its members in making and finishing hats.

It is not alleged by the plaintiff that the United Hatters of North America is a " union " of workingmen. We take judicial notice, however, of the fact that the objects which it was formed to promote are such as naturally pertain to such a union ; and it is therefore entitled to that name. But here again the same difficulty is presented. The label sufficiently announces that the hat to which it may be attached is "union made " and that it is a "union label " ; but this naturally imports that it was made by a union, whereas in fact, according to the complaint, it is not the United Hatters of North America that makes hats bearing the label, but some manufacturer for whom its members work.

If the United Hatters of North America made hats for some manufacturer who employed it for that purpose, it may be (though this is a point on which we express no opinion) that such a label as it has adopted, would be sufficient; but as it was adopted, according to the complaint, only for use in hats made in whole or part by some of its members under a contract of employment between them individually and some manufacturer, its terms do not answer the requirements of the statute.

There was therefore error in overruling the demurrer; but as the defendants subsequently answered and a hearing on the merits was had, it is necessary, in order to ascertain

whether any substantial injustice was done, to examine the finding of facts.

It appears from this that the association is not and never was a manufacturer of hats; that its members do not own the hats made by them; that its label was originally adopted and registered by "The Co-operative Hat Company," which was at the time engaged in the manufacture of hats in this State; that it was assigned to the United Hatters of North America; that the latter allows its use only by manufacturers employing exclusively "union" labor; that it has extensively advertised and represented to the public that this label is used only on hats manufactured in "union" factories conducted under certain rules prescribed by the association, calculated to insure good sanitary conditions and good work; that in a few cases its use has been allowed on hats made in "non-union" factories not conducted under those rules when, before the hats went out of the factory, it had become a "union" factory; and that the defendants, in adopting and using their labels, had no intention of deceiving or defrauding the public or the association or its members, nor of counterfeiting its label, and have never represented hats to which they were affixed to be hats containing the label of the association.

So far as the facts found vary from the facts alleged, they tend to weaken the plaintiff's case, by showing that the association has sometimes allowed the label to be used in hats not even made by its members, although sold by a "union" manufacturer, and that the defendants have been guilty of no fraud. That the label of the United Hatters of North America has never been used nor intended for use on hats manufactured by the association remains clear.

The statute on which the plaintiff sues was designed to create both a new right of action and a new cause of action. *Tracy* v. *Banker*, 170 Mass. 266, 49 Northeastern Rep. 308.

Neither at common law nor by the general principles of equity was a man entitled, at least in the absence of actual fraud, to protection in the exclusive use of a label for goods, unless it were one which he was using to distinguish some

visible commodity owned or traded in by him. This was equally true of an association of men. When, therefore, a voluntary association of workingmen calling itself the "Cigar Makers International Union of America" adopted a label for use on cigar boxes by manufacturers employing its members to make cigars, announcing that the cigars within were "made by a first class workman, a member of the Cigar Makers International Union of America, an organization opposed to inferior, rat-shop, cooly, prison, or filthy tenement-house workmanship," it was held by the courts that its fraudulent imitation could not be enjoined at the suit of a member of the association, neither he nor it being a cigar manufacturer. *Weener* v. *Brayton*, 152 Mass. 101, 25 Northeastern Rep. 46. In a suit by a member of that association who was a cigar manufacturer, an injunction was awarded against a defendant guilty of actual fraud. *Carson* v. *Ury*, 39 Fed. Rep. 777.

Under General Statutes, § 4907, a label of such a kind became the proper subject of equitable protection, and any member of the association owning it (although neither he nor the association might be a manufacturer or owner of the goods to which it was attached, nor a dealer in them) was invested with a right of action. But the label on which the plaintiff relies in this action is one of a very different character. Instead of announcing that the hat to which it may be affixed has been manufactured by a member or members of the United Hatters of North America, if it announces anything as to its origin, it is that it was manufactured by the association itself. It was not, therefore, such a label as can support his action. His complaint should have been held to be insufficient.

This result makes it unnecessary to consider other points raised by the defendants, or the plaintiff's appeal for a correction of the record.

There is error on the defendants' appeal, and the cause is remanded to be proceeded with according to law.

In this opinion the other judges concurred.