MARTIN LAWLOR *vs.* CHARLES H. MERRITT ET AL.

Third Judicial District, Bridgeport, October Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and THAYER, Js.

In order to. secure the protection which is afforded by General Stat-
utes, §§ 4907–4911, to a label adopted by an association or union
of workingmen for their benefit, the label must announce in
explicit language upon its face that the goods to which it is at-
tached were manufactured by members of such association or
union.

A label which fails to make such announcement is radically defective,
and cannot be cured by alleging and proving that it was used
with the intention of expressing, and was treated by the public
as though it did express, this essential fact.

Argued October 26th—decided December 18th, 1906.

APPEAL by the plaintiff from an. adverse judgment of
the Superior Court in Fairfield County, *Gager, J.*, follow-
ing the refusal of the trial court to allow a proposed amend-
ment of the complaint after the cause had been remanded
by this court for further proceedings according to law.
*No error.*

*John K. Beach*, with whom was *Howard W. Taylor*, for
the appellant (plaintiff).

*Granville Whittlesey* and *Walter Gordon Merritt*, of New
York, for the appellees (defendants).

HALL, J. This action is brought under General Stat-
utes, §§ 4907–4911, in behalf of the United Hatters of
North America, alleged to be an unincorporated association
of workingmen, by its secretary.

The complaint alleges that in 1896, for its protection
and the furtherance of its objects, said association adopted
a distinctive and characteristic label (a copy of which,
marked Exhibit A, is made a part of the complaint), to be
applied to hats made by the members of the association,

for the purpose of announcing to the public that hats bearing said label were made by such members; that the association has filed said label for record with the secretary of State, as permitted by statute; that said label has become associated in the minds of the public with good workmanship and standard quality, and that hats bearing the same command a preference in the market; that on or about the 15th of March, 1904, the defendants, for the purpose of benefiting themselves and of injuring the association and defrauding the public, unlawfully adopted and used in their factory eight several styles of labels, made in imitation and counterfeit of said association label, and recorded the same in the office of the secretary of State. The complaint asks for an injunction, an accounting, and for $1,500 damages. The following is a facsimile of Exhibit A: —

There was a demurrer to the complaint, one ground of which was that " said label or trade-mark referred to in Exhibit A does not announce that the goods, to which such label or trade-mark is attached, were manufactured by a member or members of the United Hatters of North America." This demurrer was overruled. The defendants thereupon filed an answer, and upon a trial of the issues raised the Superior Court rendered judgment for the plaintiff.

Both parties appealed to this court, and on March 8th, 1906, a judgment of error, on the defendants' appeal, was rendered, and the case remanded to the Superior Court to be proceeded with according to law.

On the 20th of March, 1906, the plaintiff moved to amend the complaint by inserting in its appropriate place the following paragraph: " 2 a. Said label hereinafter referred to as Exhibit A. is a label announcing that goods to which such label shall be attached were manufactured by a member or members of such association, and said announcement is expressed by the words ' United Hatters of North America,' in connection with the words ' union made' and in connection with the pictorial representation of two clasped hands. The words ' union made' are synonymous and identical in meaning with the words ' made by a member of a union.' The words ' United Hatters of North America' in connection with the words ' union made,' are synonymous and identical in meaning with the words ' made by a member of the United Hatters of North America.' The pictorial device of two clasped hands is a sign or symbol of trades unionism, and the label Exhibit A., when attached to hats, does in fact announce that the hats to which it is attached are made by union workmen who are members of the United Hatters of North America, and said label ever since its adoption by the said association has been so understood by the public. Said label ever since its adoption by said association has been and is now used to identify hats made by the members of said union employed as workmen in union factories, working upon hats owned by their employers, and not upon hats owned by themselves or by said association. Prior to 1893 the defendants operated their factory as a union factory and used said label, Exhibit A., with the consent of the plaintiff's association, for the purpose of identifying their hats as worked upon by members of said association in their employ, and said label did identify the defendants' hats as hats worked upon by members of the plaintiff's association."

The Superior Court denied this motion, not in the exercise of any discretion, but upon the ground that if allowed it would not render the complaint sufficient in law, and rendered judgment for the defendants.

The sole question raised by the present appeal is whether the trial court erred in denying the plaintiff's motion to amend the complaint.

In the opinion upon the former appeal of this case (*Lawlor* v. *Merritt*, 78 Conn. 630--632, 63 Atl. 639) we said: " The plaintiff has no right of action except by virtue of the statute on which he professes to sue. It was therefore necessary to bring his case within the terms of the statute. That statute protects, in favor of such an association as the United Hatters of North America, a label announcing that goods to which it may be attached were manufactured by a member or members of the association. The label in respect to which protection is sought by this action contains no such announcement. If it could be construed as announcing in any way who manufactured the hats to which it might be attached, the announcement would be that they were manufactured by the United Hatters of North America. . . . The label sufficiently announces that the hat to which it may be attached is ' union made ' and that it is a ' union label; ' but this naturally imports that it was made by a union, whereas, in fact, according to the complaint, it is not the United Hatters of North America that makes hats bearing the label, but some manufacturer for whom its members work. . . . There was therefore error in overruling the demurrer."

And again (p. 635): " But the label on which the plaintiff relies in this action is one of a very different character [from the one protected by § 4907]. Instead of announcing that the hat to which it may be affixed has been manufactured by a member or members of the United Hatters of North America, if it announces anything as to its origin, it is that it was manufactured by the association itself. It was not, therefore, such a label as can support his action."

If the allegations of the proposed amendment—that the label in question is one announcing that goods to which such label shall be attached were manufactured by a member or members of such association, and said announcement is expressed by the words " United Hatters of North Amer-

ica " in connection with the words " union made " and the pictorial representation of two hands clasped, and that the words " United Hatters of North America " in connection with the words " union made " are synonymous and identical in meaning with the words " made by the members of the United Hatters of North America," and that the label Exhibit A. when attached to hats does in fact announce that the hats to which it is attached are made by union workmen who are members of the United Hatters of North America—are to be regarded as statements of the legal effect of the words and characters of the label itself, they were properly disallowed as being in direct conflict with the language of our decision upon the former appeal, in which the question of the import of the language of this label was raised and discussed, and which decision the able arguments of counsel have not convinced us we ought to overrule.

If these and the other allegations of the amendment are to be regarded, as we suppose they were intended, as allegations of facts, namely, that the label announced that the goods to which they were attached were manufactured by union men who were members of United Hatters of North America, because the labels had been used for the purpose of making that announcement and had been understood by the public as announcing that fact, they were also properly disallowed by the trial court upon the ground that, if found true, they would present no different question from that already decided by this court.

The fact that upon the former appeal we held that this label could not support this action, would seem to be a sufficient answer to the claim that it could be shown that it made the announcement required by statute, by proving the facts alleged in the proposed amendment.

But without reference to the effect of our former decision, it is apparent that if the required announcement could be so proved, any arbitrary symbol adopted and used by an association to indicate that the goods to which it was attached were manufactured by its members and was un-

derstood by the public to have that meaning, would be a subject of protection under this section.

Although the word " trade-mark " is used in § 4907, its provisions are not intended for the protection of what are known in law as trade-marks, provisions for the protection of which are found in §§ 4899 and 4902. As we said in *Lawlor* v. *Merritt*, 78 Conn. 630, 634, 63 Atl. 639, the statute under which this action was brought was designed " to create both a new right of action and a new cause of action." It is not at all necessary that the trade-mark referred to in § 4907, in order to become a subject of protection under that section, should be such a trade-mark as that described in § 4899. No registration of the label, trade-mark, or form of advertisement described in § 4907 is required to render it unlawful for any one to counterfeit or imitate it. Registration is permitted, under § 4909, to enable the person or association adopting it to procure certain evidence by which, in prosecutions of various actions, it may prove its adoption and right to adopt it.

The label, trade-mark, or form of advertisement designed to be protected by § 4907 is one which it was intended might, unlike the statutory trade-mark, be adopted and owned by one who neither owned, manufactured, or traded in the goods to which it was to be attached, and for the protection of which a right of action was given to one who might neither own, manufacture, or trade in such goods. *Lawlor* v. *Merritt*, 78 Conn. 630, 63 Atl. 639. The name, therefore, upon a label or trade-mark adopted under § 4907, of the association owning, adopting, and registering it, would not necessarily, as it did not in the case at bar, correctly indicate the true origin or ownership of the article to which it might be attached, as it would upon the ordinary registered trade-mark described in § 4899. *Boardman* v. *Meriden Britannia Co.*, 35 Conn. 402, 413. Either for that, or for other reasons satisfactory to the legislature, it was provided in this statute that in a case like the present one, where the association adopting the label does not manufacture the goods to which the label is to be at-

tached, the label must announce that such goods were manufactured by members of such association. In our opinion the statute means that such announcement must be made in explicit language, upon the face of the label, trade-mark, or form of advertisement.

The label before us does not so announce that the hats to which it is attached were manufactured by members of the association called the United Hatters of North America, but rather imports that the hats were owned, manufactured, or sold, by the association itself, which is not true. The label is for that reason radically defective, and the defect is one which cannot be remedied by proof that it was used with the intention of expressing, and was understood by the public as expressing, the fact that the goods to which it was attached were manufactured by the members of said association.

There is no error.

In this opinion the other judges concurred.