Before STATE INDUSTRIAL BOARD, Respondent.

GIOVANNA ZIRPOLA, Claimant, Respondent, *v.* T. & E. CASSELMAN, INC., and Another, Appellants.

Third Department, March 7, 1923.

Workmen's compensation — action by administrator of employee against third person — employee left father and mother as sole next of kin — amount recovered in action divided by administrator equally between father and mother under Code of Civil Procedure, § 1903 (now Decedent Estate Law, § 133) —Industrial Board found that mother was dependent but that father was not — only such part of recovery as actually went to mother should be deducted from compensation under Workmen's Compensation Law, § 29.

The amount recovered by an administrator of an employee in an action against a third person must be equally divided, under section 1903 of the Code of Civil Procedure (now Decedent Estate Law, § 133), between the employee's father and mother, his sole next of kin, and there can be deducted, under section 29

of the Workmen's Compensation Law, from compensation awarded to the mother, who alone was found by the Industrial Board to be dependent, only the amount which she actually received; the entire amount of the recovery is not deductible.

APPEAL by the defendants, T. & E. Casselman, Inc., and another, from an award of the State Industrial Board, made on the 15th day of February, 1922.

*Arthur Butler Graham* [*John Preston Phillips* of counsel], for the appellants.

*Carl Sherman,* Attorney-General [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, Acting P. J.:

The claimant Joseph Zirpola was the father, and the claimant Giovanna Zirpola was the mother of John Zirpola, an employee who came to his death while in the course of his employment. The claims filed by them contained notices of election to sue a third party, not in the same employ, for negligently causing the death of their son. An administrator of the estate of John Zirpola was appointed, and brought an action against the third party. The action proceeded to trial and resulted in a verdict in favor of the administrator for $2,985.08 damages and costs, of which sum $2,500 were awarded as damages. The judgment was paid and the administrator distributed to the father $1,250 and to the mother $1,250, or one-half of the damages recovered to each. The Industrial Board found that the father was not a dependent and denied an award to him. It found that the mother was dependent and made an award in her favor of a sum of money determined by deducting from the compensation due her the sum of $1,250 which had been paid her by the administrator. The appellants contend that the full amount of the recovery, or the sum of $2,985.08, should have been deducted.

The Workmen's Compensation Law provides that if an employee is injured or killed by the negligence of another, not in the same employ, such employee or his dependents shall elect whether to take compensation or to pursue their remedy against such other person. If such employee or his dependents elect to take compensation, the awarding of compensation operates as an assignment of the cause of action against the third party to the State Insurance Fund, corporation or carrier liable for the payment thereof. If he or they elect to proceed against the third person the liability for compensation is limited to the difference " between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case." If the employee be killed and his dependents are minors

the election provided for shall be made by the minor or parent or guardian as the Industrial Board may determine. These provisions are contained in section 29 of the Workmen's Compensation Law (as amd. by Laws of 1917, chap. 705).

Actions to recover damages for a wrongful act causing death were, prior to the enactment of the Workmen's Compensation Law, exclusively given and governed by provisions of the Code of Civil Procedure. Such actions were maintainable only by the executor or administrator of a decedent in behalf of the husband, the wife or the next of kin. In determining the damages to be awarded juries were required to consider the pecuniary injuries occasioned by the death to the person or persons for whose benefit the action was brought. Nevertheless, the damages, when recovered, were distributable to the husband, the wife or the next of kin, as arbitrarily provided by statute, regardless of the particular injury which had been done to the distributee. For example, in the case of a decedent leaving neither husband, wife nor issue, but a mother and father, the former being injured and the latter not, the damages recoverable would be determinable by the pecuniary loss to the mother, whereas such damages would be distributable to both father and mother in equal parts. These provisions are contained in sections 1902, 1903, 1904 and 1905 of the Code of Civil Procedure.*

In *Travelers Ins. Co.* v. *Padula Co.* (224 N. Y. 397) the facts were these: An employee was injured in the course of his employment through the negligence of a third party; he was survived by a widow and two children under the age of eighteen; they elected to take and were awarded compensation under the Workmen's Compensation Law; they made an assignment to the insurance carrier of their causes of action in negligence against the third party. The action was thereupon brought by the insurance carrier against such third party to recover damages for the death of the employee. It was held that the action was maintainable under section 29 of the Workmen's Compensation Law; that the intervention of an executor or administrator was not required; that the causes of action assigned were not causes of action given by the provisions of the Code of Civil Procedure. In discussing the provisions of section 29 Judge COLLIN, writing for the court, stated as follows: " Those provisions express that within the legislative mind and comprehension the section provided to the dependents of the employee a cause of action, inde-

---

* Now Decedent Estate Law, §§ 130, 133, 132, 134, as added by Laws of 1920, chap. 919. See, also, Code Civ. Proc. § 1905, as amd. by Laws of 1913, chap. 756.— [REP.

pendent of and not that created by section 1902, for the negligently caused death." It would seem a logical deduction from this holding that such causes of action when not assigned are maintainable by the dependents. Judge Collin, however, stated otherwise, saying: "In case the dependents elect to enforce against the wrongdoer the cause of action, they shall pursue, in so far as applicable under the language, the remedy provided in section 1902 of the Code of Civil Procedure." Since resort must be had to the Code provisions to maintain suit upon a cause of action so possessed, it would seem a logical deduction that a recovery had must be distributed as therein provided. Judge Collin, however, stated otherwise, saying: "The provisions of section 1903 of the Code of Civil Procedure, relating to the distribution of the damages, are inoperative. The amount of the recovery actually collected, within the amount of the compensation awardable to the dependents under the law, must be distributed as the compensation would have been awarded." It seems to me, with all due respect, that the rule thus attempted to be laid down is not capable of practical application. How would it be possible for an administrator to make distribution of a recovery had "as the compensation would have been awarded?" The Industrial Board awards compensation in accordance with its decision made upon disputed facts. Take the case, like the case at bar, of a deceased employee, having no issue, wife or husband, but leaving him surviving a father and mother. The Board might determine that the mother was dependent and the father was not, or that the father was dependent and the mother was not, or that both were dependent, and might make awards accordingly. How could an administrator determine in advance what that award should be and so make distribution? Evidently the suggested rule calls for a determination impossible to be made. Moreover, it finds no support in statutory enactment. The Code provisions governing actions for death brought by administrators are complete, explicit and unequivocal. Recoveries in all such actions are to be distributed as therein specifically provided. Those provisions were not amended by section 29 of the Workmen's Compensation Law either in express words or by implication. Indeed, the subject of the distribution of recoveries had in third party actions is wholly untouched thereby. We think the conclusion inescapable that all recoveries had by administrators in such actions must be distributed in accordance with the provisions of the Code.

The distribution made by the administrator of $1,250 to the father and $1,250 to the mother was in full compliance with section 1903 of the Code. We think that the Industrial Board was correct

in making deduction of no greater sum than the $1,250 received by the mother. It was the evident purpose of the Legislature, in enacting section 29 of the Workmen's Compensation Law, to give to employees or their dependents, in cases of injuries or deaths caused by third parties, elections to adopt such remedies as might prove most beneficial to themselves. If they could obtain more by bringing third party actions they might so proceed. If the event proved that they obtained less they might proceed with their claims for compensation. It was the legislative intent that in any and all cases they should not receive less than the compensation provided for by the Workmen's Compensation Law. If a greater sum than $1,250 be deducted from the award made to the mother in this case she will receive a lesser sum. It should not, therefore, be deducted.

The award should be affirmed, with costs to the Industrial Board.

Present — H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK, HINMAN and HASBROUCK, JJ.

Award unanimously affirmed, with costs in favor of the State Industrial Board.