Before STATE INDUSTRIAL BOARD, Respondent.

JOHN J. EGAN, Respondent, *v.* OTIS ELEVATOR COMPANY and Another, Appellants.

Third Department, May 8, 1924.

**Workmen's compensation — award of death benefits — amount recovered by claimant in voluntary settlement with third person must be deducted from award under Workmen's Compensation Law of 1914, § 29.**

The amount that a claimant recovers under a voluntary settlement with a third person who is liable for the death of the employee, must be deducted under section 29 of the Workmen's Compensation Law of 1914 from an award of death benefits.

APPEAL by the defendants, Otis Elevator Company and another, from an award of the State Industrial Board, made on the 20th day of June, 1922, and also from an award made on the 5th day of December, 1922.

*Pettigrew, Glenney & Bovard* [*Francis X. Mooney* and *Walter L. Glenney* of counsel], for the appellants.

*Carl Sherman*, Attorney-General [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

VAN KIRK, J.:

The deceased employee, Frederick J. Egan, was a constructor's helper, working for the employer, the Otis Elevator Company, manufacturers of elevators. While going from the elevator hatch to a tool box on the second floor, he fell through the opening from the second floor to the cellar. His skull was fractured and he died in the hospital September 19, 1918, the day of the accident. The father and mother each made claim as a dependent. On November 4, 1918, the case was called before Deputy Commissioner Archer, and, without any testimony or discussion and without the presence of either party, he recommended an award of $5.74 to each, weekly, and $100 for funeral expenses. Thereafter the case was called a number of times, but, the parties not appearing, adjournments were taken until April 23, 1919, when the parties appeared and some evidence was taken and on October 9, 1919, Commissioner Sayer announced decision as follows: " Claimants having recovered $2,250 from a third party, which sum covers compensation for 195 weeks, and $11.40 on the 196th week, carrier is entitled to suspend payment for the period as above stated." Thereafter a number of hearings were had, further evidence taken and, on June 20, 1922, the award from which this appeal is taken was made as follows: " Rescind previous award of October 9, 1919, and award of November 4, 1918, to stand. Case is closed." On December 5, 1922, the award of June 20, 1922, was reaffirmed and appeal taken therefrom.

The claimants made no formal election to proceed against a third party and no action by them was begun; but, on October 28, 1918, they agreed upon a settlement of their claim against a third party, George L. Hilt Company, Inc., for the sum of $2,250. Then administrators were appointed and, on November twelfth, the surrogate authorized the settlement and, on the following day, $2,250 was paid to these claimants, who are the only dependents and the only next of kin of the deceased.

The appellants raise but one question. They insist that the money received by these claimants from the third party should be applied in payment of the compensation awarded. The attorney

for the appellants consents in open court that, if this court concludes that the award appealed from should be modified, this court will make the necessary modification.

Under the authority of *Matter of Zirpola* v. *Casselman, Inc.* (237 N. Y. 367, affg. 204 App. Div. 647) the appellants' contention must be sustained. The court, construing section 29 of the Workmen's Compensation Law of 1914 (as amd. by Laws of 1917, chap. 705), said: " Those entitled to death benefits might elect to take the benefits at once, in which event they were to subrogate the carrier to the extent of their interest in whatever rights of action they had against persons other than the employer. They might elect to resort in the first instance to their remedy against others, in which event if they made claim thereafter for death benefits payable by the employer, they were to credit what they had collected, and be confined to the deficiency." And again: "A dependent who is also within the class of next of kin may get his distributive share under the old act, 1905; and thereafter his benefits under the new one, but what he gets upon the first, he must credit upon the second."

The award appealed from should be reversed and the award of November 4, 1918, as modified by the decision or award of October 9, 1919, should be reinstated.

All concur.

Award reversed, and award of November 14 [4], 1918, as modified by award of October 9, 1919, reinstated, without costs.