WILLIAM P. RYAN, ADMINISTRATOR AD PROSEQUENDUM OF M. E. GERTRUDE RYAN, DECEASED, RESPONDENT, v. PUBLIC SERVICE RAILWAY COMPANY, APPELLANT.

---

WILLIAM P. RYAN, ADMINISTRATOR OF THE ESTATE OF M. E. GERTRUDE RYAN, DECEASED, RESPONDENT, v. PUBLIC SERVICE RAILWAY COMPANY, APPELLANT.

Submitted May 28, 1926—Decided October 18, 1926.

1. The proofs showing evidence of negligence which was the proximate cause of injury and death required a submission of those questions to the jury, and it was not error to refuse to direct a verdict.
2. Requests presented by plaintiff below, and charged, examined and found not to be erroneous.
3. Pain and suffering are items and elements of damage recoverable by executors and administrators under section 4, Executors and Administrators act. *Rev.; 2 Comp. Stat., p.* 2260. *Soden v. Trenton and Mercer Traction Co.,* 101 *N. J. L.* 393, is not in opposition to such finding.

---

On appeals from judgments of the Supreme Court.

For the appellant, *William H. Speer* and *Henry H. Fryling.*

For the respondent, *Grosken & Moriarity.*

The opinion of the court was delivered by

CAMPBELL, J.   These appeals bring before us two judgments of the Supreme Court, in two causes, tried together, at the Essex County Circuit.

The complaints charge that M. E. Gertrude Ryan, a passenger on a car of appellant, on January 16th, 1924, was, by the negligent operation of such car, thrown to the street, receiving such injuries that, as a result thereof, she died on June 12th, 1924.

The respondent, Ryan, as general administrator, sued to recover, for his intestate's estate, damages for pain and suffering, loss of earnings, medical and other expenses incurred in attempting to effect a cure; and, as administrator *ad prosequendum,* sued to recover the damage to the next of kin of the decedent by reason of her death.

In his action as general administrator he has a judgment for $3,588, and in his action as administrator *ad prosequendum* he has a judgment for $4,500.

As to both judgments it is urged that the trial court erred in refusing to direct verdicts in favor of appellant because there was no evidence of any negligence which was the proximate cause of the injuries and death.

Our examination of the proofs satisfies us that there was such eveidence requiring submission to the jury for its finding thereon, and, consequently, it was not error to refuse to direct verdicts.

Other grounds for reversal urged against both judgments are directed to requests to charge, submitted by the respondent, and charged by the trial court.

The correctness of the legal principles covered by these requests does not appear to be challenged by appellant, but it seems to be urged that there was no evidence supporting or warranting them, and as the same principles were, by them, charged time and again, the jury must have been misled into believing that evidence existed for their support and application.

We have not been able to reach this conclusion, and, consequently, find no error in this respect.

The remaining grounds of appeal are directed solely at the judgment held by respondent as general administrator.

The first is to the action of the trial court in permitting a witness, Dr. Charles L. O'Neill, to answer a question, over the objection of appellant, as to pain and suffering, if any, respondent's intestate suffered as a result of her injuries, and the intensity thereof.

The second is directed to the following portion of the court's charge:

"The first action brought by the general administrator is brought for the benefit of the decedent's estate, and the plaintiff is entitled to recover in that action, if you find that the plaintiff is entitled to recover as a matter of fact, damages for the pain and suffering which Gertrude Ryan had, and which proximatetly resulted from the negligence, if any, of the defendant, and not from any other cause."

Both of these grounds directly challenge the right of recovery for pain and suffering, where, in a case, as here, death did not immediately or closely follow the injuries.

Our conclusion is that pain and suffering are items for which recovery may be had, and that the right to an action therefor is clearly given to executors and administrators under section 4 of the Executors and Administrators act. *Rev.; 2 Comp. Stat., p.* 2260.

It is urged that in *Soden* v. *Trenton and Mercer Traction Co.,* 101 *N. J. L.* 393, this court limited the right of recovery under section 4 of the Executors and Administrators act, *supra,* to "the expense of care, nursing, medical attendance, hospital and other proper charges incident to an injury, as well as the loss of earnings in the lifetime of the deceased * * *." But this is not so. In the matter then before us, the only elements of damage sought to be recovered were those just quoted from the opinion of Mr. Justice Lloyd, and the element of pain and suffering not being before us, was not considered.

We find that the learned trial judge was not in error in ruling as he did upon the question objected to, nor in that portion of the charge which is complained against.

Both judgments under review are therefore affirmed, with costs.

On appeal of judgment for the general administrator—

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ.   14.

*For reversal*—PARKER, J.   1.

On appeal of judgment for the administrator *ad pros.*—

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ.   15.

*For reversal*—None.