This is an interpleader action and is submitted for decision upon the pleadings and a stipulation of facts, thus leaving no controverted facts for present determination.
The facts, as admitted and shown by the stipulation, disclose that, on February 27th, 1939, Andrew Laval, hereinafter designated as the "decedent," while in the course of his employment with the Merchants Bakers Co-operation Association, was struck by the automobile of complainant The Prudential Insurance Company of America while it was being operated by complainant Abe Kaufman, resulting in his sustaining injuries from which he subsequently died, leaving *Page 25 
him surviving a married daughter and his dependent widow, Bolvina W. Laval, whom he had named as the sole executrix and beneficiary under his last will and testament.
Thereafter, she, as his sole dependent, filed her petition with the Workmen's Compensation Bureau against his employer to recover the compensation due her under the provisions of the Workmen's Compensation Act, R.S. 1937, 34:15-1 et seq.; N.J.S.A. 34:15-1et seq., by reason of his death. That Bureau on March 5th, 1939, after a hearing, awarded her compensation for a period of 300 weeks, to be paid by the decedent's employer at the rate of $15.49 per week, which, in addition to an allowance of $150 for funeral expenses and $159.20 for medical and miscellaneous expenses, amounted to the sum of $4,856.20.
In addition to that action, she also, but in her capacity as sole executrix under the decedent's last will and testament, instituted a suit in the New Jersey Supreme Court against the third-party tort feasors, the complainants herein, and which action she predicated upon two separate counts. Under the first of these counts, which was based upon the provisions of the Executors and Administrators Act, R.S. 1937, 2:26-9, as amended by P.L. 1938 ch. 29 p. 103; N.J.S.A. 1938, 2:26-9, she sought to recover damages for the decedent's pain, suffering and medical expenses; while under the second, which was based upon the provisions of the Death Act, R.S. 1937, 2:47-1, she sought to recover for the pecuniary loss sustained by her and his next of kin by reason of his death. The trial of this action resulted in the jury returning a verdict on December 9th, 1940, in the sum of $4,000 on each of these counts, and the consequent entry of judgment final thereon in her favor and against both of said defendants in the sum of $8,000 and $83.33 costs.
Prior to the payment of that judgment, however, the Bakers Mutual Insurance Company of New York, the employer's insurance carrier, served, pursuant to subdivision (d) of section34:15-40 of the Revised Statutes of 1937; N.J.S.A. 34:15-40, a written notice of its claim for reimbursement out of that third-party recovery to the extent of the $4,856.20 which had been awarded against its insured, *Page 26 
and on account of which it, up to December 20th, 1940, had paid her the aggregate sum of $1,680.75. Thereupon, the third-party tort feasors caused the whole of that judgment to be paid, with the exception, however, of the sum of $1,680.75 which they have since paid into this court. It is with respect to this fund and their adverse claims thereto that the decedent's widow and his employer's insurance carrier have been impleaded herein. In addition to their respective claims to the entire fund, the decedent's widow claims that she is entitled to further payments under her award, while the insurance carrier claims that it is entitled to be released from any further obligations thereunder.
There is to be perceived in the Workmen's Compensation Act,supra, a clear legislative intent to establish a scheme for the compensation of an injured employee or his surviving dependents by the employer or its insurance carrier on the one hand, and on the other to give the latter a right to reimbursement for the compensation so paid by them out of any damages which may be recovered from the third-party tort feasor liable for the employee's injuries and resultant death. Scheno Trucking Co.,Inc., v. Bickford, 115 N.J. Eq. 380; 170 Atl. Rep. 881;affirmed, 116 N.J. Eq. 586; 174 Atl. Rep. 545; Savitt v. L. F. Construction Co., 124 N.J. Law 173; 10 Atl. Rep. 2d728. This right to reimbursement from such third party recovery is derived from what may be termed the employer's or his insurance carrier's "statutory subrogation," under section 34:15-40 of that act, and, in the instant case, is limited to the rights of the dependent widow to whom alone they are bound to pay compensation. To the extent of their said liability to her, the employer or his insurance carrier is entitled to the benefits of the rights which she otherwise would have had to share in such third-party recovery. Zirpola v. T. E. Casselman,198 N.Y.S. 740; 204 App. Div. 647; affirmed (1924), 237 N.Y. 367;143 N.E. Rep. 222; O'Brien v. New York Water Service Corp., 16N YS. 2d 990; 258 App. Div. 1014; Solomone v. DegnonContracting Co., 188 N.Y.S. 735; 194 App. Div. 50; Kelly v.Ochiltree Electric Co. et al., (Pa.), 14 Atl. Rep. 2d351. *Page 27 
There are not infrequent instances where, as here, some of a deceased employee's next-of-kin are, in virtue of existing statutes, entitled to share in the recovery against a third-party tort feasor for decedent's wrongful death, and yet, by reason of their non-dependency, are not entitled to compensation under the Workmen's Compensation Act. Hence, to hold, as here contended by the insurance carrier, that, inasmuch as the $8,000 third party recovery exceeds the $4,856.20 award against its insured, it is entitled not only to the whole of the interpleaded fund in reimbursement of the payments which it heretofore made under the said award, but also to be relieved from any further payments thereunder, would be tantamount to lending judicial sanction, to the appropriation of the decedent's daughter's interest in the third party recovery as indemnification to it for the compensation payments which it made, not to her, but to his dependent widow under the compensation award which she obtained against his employer. The inevitable effect of this contention would be to subject and transfer to the insurance carrier rights in the third party recovery which even the decedent's widow herself legally did not have and could not have had therein. Such a contention can find support in neither law nor conscience.
Nor can I concur in the contention of the decedent's widow that the insurance carrier is entitled to reimbursement out of only her one-third interest in the $4,000 recovered on the second count, less thirty-three and one-third per cent. of said amount for counsel fees and $200 for expenses of suit. It is only this and the aggregate amount of the compensation which she has already received, that the insurance carrier is, as claimed by her, entitled to have credited on the compensation award which she holds; and the balance of which she insists it should be required to pay her in the manner prescribed therein.
The fallacy of the foregoing contentions on the part of the respective claimants herein may be found in the fact that they, in some respects or others, overlook and run counter to the provisions not only of subdivisions (b), (c), (d) and (e) ofsection 34:15-40 of the Workmen's Compensation Act, supra, but also to those of section 2:47-4 of the Death Act, *Page 28 supra, and of section 2:26-9 as amended by P.L. 1938 ch. 29p. 103 of the Executors and Administrators Act, supra.
Under the common law rule, personal actions did not survive to the personal representatives of a deceased person, but abated with the latter's death pending trial. The rigors of this harsh and technical rule, supported, as it was, by nothing but prescriptive authority, was relaxed and ameliorated by the provisions of the Death act, which, under the title of "An act to provide for the recovery of damages in cases where the death of a person is caused by the wrongful act, neglect or default" of another, was enacted in this state on March 3d 1848, and which now appears in the Revised Statutes of 1937, as follows:
"2:47-1: When the death of a person is caused by a wrongful act, neglect or default, such as would, if death had not ensued, have entitled the person injured to maintain an action for damages resulting from the injury, the person who would have been liable in damages for the injury if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured and although his death was caused under circumstances amounting in law to a felony.
"2:47-2: Every action, proceeding or claim brought, instituted or made under this chapter shall be brought, instituted or made in the name of an administrator adprosequendum of the decedent, for whose death damages are sought to be recovered, except where decedent dies testate and his will is probated, in which event the executor named in the will and qualifying shall bring the action, proceeding or claim."
"2:47-4: The amount recovered in proceedings under this chapter shall be for the exclusive benefit of the widow, surviving husband, and next of kin of the decedent, and shall be distributed to them in the proportions provided by law for the distribution of the personal property of intestates, except that where decedent leaves a surviving widow or husband, but no children or descendant of any children and no parents, the widow or surviving husband shall be entitled to the whole of the amount so recovered, which amount shall be paid to her or him."
The right to recover for a wrongful death is, as observed, the creature, not of the common law, but of the Death Act, supra, which confers that right on the personal representatives of the deceased for the sole benefit, however, of the persons designated in section 2:47-4 of the act, some of whom may or may not be entitled to compensation under the Workmen's Compensation Act, and in which action the quantum *Page 29 
of damages recoverable is to be admeasured according to said persons' pecuniary loss resulting from his death. Cooper v.Short Electric Co., 63 N.J. Law 558; 44 Atl. Rep. 633;McKeering v. Pennsylvania Railroad Co. (Court of Errors andAppeals), 65 N.J. Law 57; 46 Atl. Rep. 715; Pisano v. B.M. J.F. Shanley Co., 66 N.J. Law 1; 48 Atl. Rep. 618; Gottlieb v.North Jersey Street Railway Co., 72 N.J. Law 480;63 Atl. Rep. 639; Brown v. Honiss (Court of Errors and Appeals),74 N.J. Law 501; 68 Atl. Rep. 150; Cetofonte v. Camden Coke Co.
(Court of Errors and Appeals), 78 N.J. Law 662;75 Atl. Rep. 913; Manns v. A.E. Sanford Co., 82 N.J. Law 124;81 Atl. Rep. 491.
To complete the process of abrogating the rigors and injustice of this common law rule, inaugurated in 1848 by the Death Act,supra, our legislature, on March 17th, 1855, enacted the Executors and Administrators Act, which now appears as section2:26-9 of the Revised Statutes of 1937, and which, as amended by P.L. 1938 ch. 29 p. 103; N.J.S.A. 1938, 2:26-9, reads as follows:
"2:26-9. Executors and administrators may have an action for any trespass done to the person or property, real or personal, of their testator or intestate against the trespasser, and recover their damages as their testator or intestate would have had if he was living."
By virtue of this enactment, a new right of action was created and a corresponding right to recover for a trespass committed against the person or property, real or personal, of a deceased during his lifetime was conferred on his personal representatives for the benefit of his estate, and in which action the damages recoverable were expressly limited to such as the testator or intestate himself might have had or maintained if he or she was living. Ten Eyck v. Runk, 31 N.J. Law 428; Tichenor v.Hayes, 41 N.J. Law 193; Soden v. Trenton and Mercer CountyTraction Co., 101 N.J. Law 393; 127 Atl. Rep. 558; Ryan v.Public Service Railway Co., (Court of Errors and Appeals),103 N.J. Law 145; 134 Atl. Rep. 650; Boniewsky v. Polish Homeof Lodi (Court of Errors and Appeals), 103 N.J.L. 323;136 Atl. Rep. 741; Hasse v. Gietz, 108 N.J. Law 252;157 Atl. Rep. 121; Pushcart *Page 30 
v. New York Shipbuilding Co., 86 N.J. Law 444; 92 Atl. Rep. 81;Terlingo v. Belz-Parr, Inc. (Court of Errors and Appeals),106 N.J. Law 221; 147 Atl. Rep. 480; Alston v. Hankey,108 N.J. Law 226; 156 Atl. Rep. 915.
The right of action created under the Death Act, supra, and that created under the Executors and Administrators Act, supra, are, however, entirely separate, distinct and different from one another. The former is for the tortious injury to the person or property of the deceased during his lifetime; while the latter is for the loss resulting to the persons pecuniarily damaged by his death. In the absence of a will, the general administrator is the one to prosecute the former; while the latter must be prosecuted by an administrator ad prosequendum. The proceeds of the recovery in the former are to be received, held and distributed, after payment of decedent's debts, as a part of his estate; while the proceeds of the recovery in the latter are, in the manner prescribed by the statute of distributions, to be apportioned solely among the beneficiaries named in section 2:47-4 of the Death Act, supra, who alone are legally entitled to share in its distribution.
In dealing with the provisions of the Death Act, supra, Mr. Justice Lloyd, speaking for the Court of Errors and Appeals inSoden v. Trenton and Mercer County Traction Co., supra, significantly said:
"The recovery goes not to the estate of the deceased person, but to certain designated persons or next of kin. In the recovery the executor or administrator, as such, has no interest. The fund is not liable to the debts of the deceased, nor is it subject to depositions by will. One may well suppose that the primary legislative concern in the act of 1848 is provision for those who may have been the dependents of the deceased, inasmuch as the only damages recoverable are those sustained by the beneficiaries named. In that act it is the death of the injured person that creates the right of action; the language being `its pecuniary injury resulting from such death to the wife and next of kin.' It is otherwise with respect to the act of 1855. In both sections 4 and 5 of that act as previously quoted the law contemplates compensation *Page 31 
to the deceased person's estate in the one and obligation to pay by the estate of the deceased person in the other. At death all damages cease with respect to the rights under section 4 of this act. It is in the interval between injury and death only that loss can accrue to the estate, and in that alone is the personal representative interested. In this the Death Act gives no participation by the widow or next-of-kin. The expense of care, nursing, medical attendance, hospital, and other proper charges incident to an injury, as well as the loss of earnings in the lifetime of the deceased, are the loss to his estate and not to them. The controlling feature in the Death Act is `that damages are made recoverable for causing death as compensation for the pecuniary injury the designated beneficiaries have sustained by reason of the death,' and the pecuniary injury begins immediately on the death.' Cooper v. Shore Electric Co., supra (at p.565). It is significant in this connection that the limitation under the act of 1848 runs from the death, while under the act of 1855 the limitation runs from the time of the injury inflicted."
In consonance with the foregoing, it is the amount recovered on each of the counts as recorded by the verdict of the jury, and not the amount of the judgment evidencing the combined recovery on both, that must be employed in arriving at a proper determination of the issues here posed by the conflicting claims of the defendants herein. Subject to the deductions prescribed bysubdivisions (b), (c), (d) and (e) of section34:15-40 of the Revised Statutes of 1937, the insurance carrier's right to reimbursement out of the third-party recovery effected in the instant case extends and is limited to only such rights as the decedent's widow herself, who was his sole dependent, has therein, Zirpola v. T. E. Casselman, supra;Solomone v. Degnon Contracting Co., supra; O'Brien v. NewYork Water Service Corp., supra. Her share in the $4,000 recovered on the second count is, under section 2:47-4 of the Death Act, supra, and under section 3:5-2 of the RevisedStatutes of 1937, pertaining to the distribution of personal property, one-third of said amount, the balance thereof enuring to the benefit of the decedent's daughter. As respects the $4,000 recovered on *Page 32 
the first count, decedent's widow is, under the provisions ofsection 2:26-9 of the Executors and Administrators Act and as the sole beneficiary under his last will and testament, entitled to the whole amount thereof, subject only to the payment of his debts, funeral charges and just expenses, the existence of none of which has been here shown. To the extent thus indicated, the decedent's widow is entitled to share in the recovery on each of the two counts, and it is only to this extent, less the attorney's fees and costs of suit, that the insurance carrier is, in turn, entitled to credit on the compensation award made against the decedent's employer. The gross amount of this credit is to be ascertained in the following manner:
Recovery on first count — $4,000, to the whole of which,
 decedent's widow, as sole beneficiary under his last will
 and testament, is entitled ................................. $4,000.00
One-half of total taxed costs of $83.33 should be rightfully
 allocated and added to the recovery on the first count ..... 41.66
Recovery on second count — $4,000, to one-third of which
 decedent's widow is legally entitled ....................... 1,333.33
One-half of total taxed costs of $83.33 should be rightfully
 allocated and added to the recovery on the second count,
 and in which sum decedent's widow is entitled to a third, 13.88
 _________
 $5,388.87

From this sum of $5,388.87, however, the "expenses of suit" and the "attorney's fee" are to be deducted in order to ascertain the correct quantum of credit to which the insurance carrier is here entitled. The "attorney's fee," as defined by subdivision
(e) of section 34:15-40 of the Revised Statutes of 1937, is "such fee, but not in excess of thirty-three and one-third per cent. of that part of the sum paid in release or in judgment to the injured employee or his dependents by such third party or corporation to which the employer or his insurance carrier shall be entitled to reimbursement under the provisions of this section, but on all sums in excess thereof, this percentage shall not be binding." In expounding this statutory formula to be pursued in determining the amount of the "attorney's fee," Mr. Justice Heher, in Savitt v. L. F. Construction Co., supra, significantly said: "The *Page 33 
base for the calculation of the fee is, as it should justly be, not the amount paid by the third-party tort feasor, but the part thereof to which the employer (or his insurance carrier) shall be entitled in reimbursement, i.e., the amount of his liability under the Workmen's Compensation Act, R.S. 1937, 34:15-7 etseq.; N.J.S.A. 34:15-7 et seq. The term "reimbursement" plainly has reference to such portion of the sum received from the third-party tort feasor as is the equivalent of the whole of the employer's liability under the Workmen's Compensation Act,supra, whether actually paid or not, if the recovery exceeds that liability." A proper application of that formula, as thus expounded, results in the following computations:
Share of decedent's widow in total third party recovery ... $5,388.87
Deduct for attorney's fees, maximum allowed
 by statute, 33 1/3% of $4,856.20, the total
 compensation award ........................ $1,618.73
Deduct for expenses of suit, maximum allowed
 by statute ................................ 200.00
 _________ 1,818.73
 _________
Net amount of third party recovery which insurance carrier
 is entitled to have credited on compensation award made
 against decedent's employer ............................. $3,570.14

Where, as here, "the sum recovered by the employee * * * after the expenses of suit and attorney's fee * * * have been deducted therefrom, is less than the liability of the employer or his insurance carrier under the statute, the employer or his insurance carrier shall be liable only for the difference, and shall be entitled to be reimbursed * * * for so much of the medical expenses incurred and compensation payments theretofore paid to the injured employee or his dependents as exceeds the amount of such difference." R.S. 1937, 34:15-40 (e). In accordance with these statutory provisions, the insurance carrier's net credit of $3,570.14 is to be deducted from the $4,856.20 compensation awarded against its insured, leaving a balance of $1,286.06 for the payment of which it is liable under the said compensation award. However, inasmuch as the $1,680.75, representing *Page 34 
the aggregate amount of the compensation payments heretofore made by the insurance carrier to decedent's widow, exceeds its remaining liability of $1,286.06 under the compensation award by the sum of $394.69, the insurance carrier is, therefore, entitled to be reimbursed for said sum of $394.69 out of the fund here impleaded, and the balance thereof will be awarded to decedent's widow, Bolvina Walters Laval, the other defendant herein.
 There will be a decree in conformity with the foregoing views. *Page 35