Complainant was injured while in the course of her employment by Granite Weaving Company. Her injury was caused by the negligence of the Arbrew Realty Company. She collected $990 for workmen's compensation from the Weaving Company, which was insured by Travelers Insurance Company, together with $243.95 paid for medical treatment and hospital bills. She also brought suit against the Realty Company, which was insured against liability by United States Guarantee Company, and this suit was settled for the amount of $2,200. The Travelers Insurance Company, as the carrier of the liability for compensation insurance, thereby became entitled to a claim against the tortfeasor. The sum of $950 was paid by the Guarantee Company on account of the settlement, and the balance of some $1,250 was retained by it because of various claims made against this fund. The Travelers Insurance Company claims the entire fund by way of reimbursement for the sums paid out by it. David Cohn, who represented complainant both in the compensation proceeding and the third party suit, claims that he is entitled to the balance of fees for his services. Complainant filed this bill in the nature of a bill of interpleader for the purpose of preventing threatened suits by the conflicting claimants.
The questions involved here depend upon the construction of the applicable sections of the Workmen's Compensation Law, which are found in R.S. 34:15-40. These provisions clearly show a legislative intent to establish a scheme for the compensation of an injured employee against his employer or its insurance carrier on the one hand, and on the other to give the latter a right to reimbursement for the compensation *Page 545 
out of any damages which may be recovered from a third partytort feasor. Prudential Insurance Co. v. Laval, 131 N.J. Eq. 23.
It is the contention of the defendant Travelers Insurance Company, the insurance carrier for the employer, that it is entitled to the entire balance retained in the hands of the United States Guarantee Company; that the deduction for attorney's fees claimed by David Cohn is limited to one-third of the amount of the compensation award, which would be approximately $400; and that he has already been paid that amount by the employer's insurance carrier in the compensation proceeding. It is conceded that he has been paid his one-third fee on the $950 paid by the Guarantee Company to complainant.
R.S. 34:15-40, subdivisions (d) and (e) do not in term so provide and the construction placed on the language of the statute by the Court of Errors and Appeals does not sustain this contention.
In Savitt v. L. F. Construction Co., 124 N.J. Law 173, the court held that the credit to which the employer would be entitled would be "only for the amount which the employee actually receives from a third party tort feasor less `attorney's fee' and $200 for `expenses of suit.'"
The statute provides, subdivision (d) that out of any amount about to be paid in release on account of its liability remaining after deducting the employee's expenses of suit and attorney's fee, as hereinafter defined, the employer shall be entitled to receive from such third person a sum equivalent to the medical expenses incurred and the compensation paid. Expenses of suit are defined as expenses not in excess of $200 and attorney's fee as "such fee, but not in excess of thirty-three and one-third per cent. of that part of the sum paid in release."
It would seem, therefore, that under the statute, as construed in the Savitt case, a full attorney's fee of one-third of the entire amount of the settlement is to be deducted from the amount thereof, together with $200 for expenses of suit. As a result, David Cohn is entitled to one-third of the $1,243 deposited in court, together with $200 expense money. *Page 546